### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MITHRIL II L.P., LUX VENTURES VI, L.P., and LUX VENTURES VI SIDECAR, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> COLUBRISMX, INC., CRESCENT HEALTHCARE, LLC, DANIEL KIM, DONG SUK SHIN, NEERAJ AGRAWAL, R. CARY MCNAIR JR., EDUARDO FONSECA WARD, and KURT AZARBARZIN, <br><br> Defendants. | C.A. No. |

### MOTION TO FILE UNDER SEAL

Pursuant to Federal Rule of Civil Procedure 5.2 and Local Rule of Civil Practice and Procedure of the United States District Court for the District of Delaware 5.1.3, Plaintiffs Mithril II L.P., Lux Ventures VI, L.P., and Lux Ventures VI Sidecar, L.P. (collectively, "Plaintiffs"), by and through their undersigned counsel, respectfully move for entry of an Order, filed contemporaneously herewith, authorizing Plaintiffs to file portions of the complaint in this action (the "Complaint") and supporting Exhibits C and D, in their entirety, under seal. In support of this motion, Plaintiffs state as follows:

1. Plaintiffs bring the present action against ColubrisMX, Inc. ("CMX" or the "Company") and, in certain counts, against directors and investors of the Company for violation of federal securities laws, fraudulent inducement, common law fraud, and unjust enrichment, amongst other claims.

2. CMX provided to Plaintiffs certain documents that contain nonpublic, confidential, proprietary, or commercially sensitive information regarding the development, marketing, and regulatory approval process for the Company's innovative robotic endoluminal surgical system

1

(the "ELS System") as well as CMX's financial, compliance, and employment affairs. Plaintiffs use and reference certain information contained within these documents in the Complaint. Exhibit C is a confidential, non-public communication from the Company to the U.S. Food and Drug Administration (the "FDA") relating to the regulatory approval of the ELS System, and Exhibit D is a clinical study report shared with the FDA in conjunction with Exhibit C.

3. The public's right to access judicial proceedings and records "is not absolute." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). A party may overcome the presumption of public access if it shows that "the interest in secrecy outweighs the presumption." *See Kaleo, Inc. v. Adamis Pharms. Corp.*, C.A. No. 19-917-RGA, 2019 WL 11680196, at *1 (D. Del. July 16, 2019). The material to be sealed must be the "kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *See id*.

4. A court applies a "good cause" standard to justify sealing or redacting judicial records, which requires a "balancing process, in which courts weigh the harm of disclosing information against the importance of disclosure to the public." *See Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507–08 (D. Del. 2012). For example, this Court has found good cause to redact "confidential communications with the FDA" because the FDA "generally treats materials relating to unapproved applications as confidential" and "disclosure of this type of information would cause a clearly defined and serious injury on [the defendant]" since "future competitors could use the details of [the defendant's] regulatory strategy. . . as a roadmap for their own potential products that could undercut [the defendant's] business interests." *See Kaleo*, 2019 WL 11680196, at *1. This Court has similarly found good cause to redact "confidential financial

information and licensing strategy" as well as information relating to trade secrets and confidential technologies.  *See Mosaid Techs. Inc.*, 878 F. Supp. 2d at 510–11.

5. Here, Plaintiffs respectfully submit that good cause exists to seal portions of the Complaint and Exhibits C and D, in their entirety, because they contain details, discussions, or references to various confidential communications with the FDA, the Company's regulatory strategy, clinical studies, and other confidential financial and commercial information.  Disclosure of proprietary information relating to the development of the ELS system and the Company's regulatory and business strategy could be used by its competitors to harm its standing in the marketplace, which would, in turn, also diminish the Company's prospects for future investment. Additionally, the disclosure of other information related to CMX's budgets and financial models could undermine the Company's future sales negotiations, hindering its ability to operate in a dynamic and competitive market.  Because Plaintiffs are investors in the Company, disclosure of the Company's sensitive information also would cause a clearly defined and serious injury to Plaintiffs, whose precarious investment in CMX may be further jeopardized by harm to the Company's business interests.

6. Further, Plaintiffs received Exhibits C and D and certain confidential information in the Complaint pursuant to various agreements with the Company, which impose a duty on Plaintiffs not to disclose such information.  This includes information made known to Plaintiffs pursuant to the Amended and Restated Investors' Rights Agreement (the "IRA"), dated April 16, 2021, between Plaintiffs and the Company, which requires Plaintiffs to take reasonable steps to minimize the disclosure of confidential information obtained pursuant to the IRA.  Plaintiffs also received certain information that was designated confidential pursuant to the Amended and Restated Common Interest Agreement (the "CIA"), dated August 22, 2021, between Plaintiffs, the

Company, and certain other investors. While Plaintiffs withdrew from the CIA before filing the Complaint, they recognize that the information was provided to them on a confidential basis and is of a highly sensitive nature and, accordingly, want to prevent its unnecessary disclosure.

7. Plaintiffs limit their request to the types of confidential or proprietary business information that Courts in this District (i) recognize are a part of a company's core confidential information and (ii) have routinely allowed to be filed under seal. *See Mosaid Techs. Inc.*, 878 F. Supp. 2d at 510-511; *see also Mylan Inc. v. SmithKline Beecham Corp.* 723 F.3d 413, 415 n.3 (3d Cir. 2013) (citing *Littlejohn*, 851 F.2d at 678) (finding good cause to seal documents "to protect the parties' confidential proprietary business and competitive interests"). Thus, Plaintiffs' motion is narrowly tailored and seeks to preserve the confidentiality of only as much information as needed to protect Plaintiffs' business interests, while still preserving public access to information germane to the action.

8. Plaintiffs will comply with all applicable procedures regarding filing under seal through the Court's CM/ECF system and will file a redacted version of the Complaint within seven (7) days after the filing of the sealed documents, as calculated pursuant to Fed. R. Civ. P. 6.

WHEREFORE, Plaintiffs respectfully request entry of the attached order permitting the filing of portions of the Complaint discussing or referring to the content described above and Exhibits C and D, in their entirety, under seal.

| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP<br>Yehudah L. Buchweitz<br>Stacy Nettleton<br>Sarah Schnorrenberg<br>767 Fifth Avenue<br>New York, New York 10153<br>(212) 310-8000<br>yehudah.buchweitz@weil.com<br>stacy.nettleton@weil.com<br>sarah.schnorrenberg@weil.com<br><br>Dated:  February 14, 2022 | */s/ Rudolf Koch*<br>Rudolf Koch (#4947)<br>Jason J. Rawnsley (#5379)<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801<br>(302) 651-7700<br>koch@rlf.com<br>rawnsley@rlf.com<br><br>*Attorneys for Plaintiffs* |